Filed 2/10/23  P. v. Martinez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAUL RAFAEL MARTINEZ,<br><br>Defendant and Appellant. | B320138<br><br>(Los Angeles County<br> Super. Ct. Nos. BA487715 &<br> BA488695) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Terry A. Bork, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

* * * * * * * * * *

In December 2020, defendant and appellant Saul Rafael Martinez agreed to plead no contest to charges he faced in two different cases. After waiving his rights on the record, defendant pled no contest to one count of taking or driving a vehicle without consent (Veh. Code, § 10851, subd. (a)) and one count of carrying a loaded handgun (Pen. Code, § 25850, subd. (a)). Counsel joined in the waivers and stipulated to a factual basis for the plea. The court found defendant's waivers to be knowingly and voluntarily made, accepted defendant's plea and found him guilty of both counts.

In accordance with the plea agreement, the court suspended imposition of sentence, placed defendant on three years formal probation and awarded him 222 days of custody credits.

Less than a year later, defendant was arrested at a suspected illegal gambling operation where firearms were present and in possession of methamphetamines. At a hearing on September 8, 2021, the court revoked probation in both cases pending a formal hearing and held defendant in custody with no bail.

At the probation violation hearing in November 2021, the court heard testimony from several officers and argument from counsel. The court found the prosecution met its burden of demonstrating defendant's willful violation of the terms of probation and revoked defendant's probation in both cases.

Defendant was present with counsel at the sentencing hearing on February 28, 2022. The court imposed a two-year middle term in case No. BA487715 (carrying a loaded firearm) and an eight-month consecutive term (one-third the middle term) in case No. BA488695 (driving a vehicle without consent) for a

total sentence of two years eight months. The court ordered all fines and assessments stricken in their entirety in accordance with *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and current Los Angeles County policy. The court awarded defendant 574 days of custody credits. The court credited defendant with time served and issued a release order.

This appeal followed. We appointed appellate counsel to represent defendant. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.

The *Wende* brief included a declaration from counsel in which he explained that defendant was released from custody, having finished his sentence, prior to counsel's appointment to handle the appeal. The only mailing address for defendant was in care of the public defender's office. Counsel made several attempts to contact defendant through trial counsel without success. Counsel stated he remains available to brief any issues requested by the court.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with his responsibilities. We find no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment of conviction is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.          VIRAMONTES, J.

3